UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDSAY A. M.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C25-665-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends that the administrative law judge ("ALJ") erred by discounting his testimony. (Dkt. # 10.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 12.) Plaintiff filed a reply. (Dkt. # 13.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## II.    BACKGROUND

Plaintiff was born in October 1978, has a high school education, and has no past relevant work. AR at 2266. Plaintiff was last gainfully employed in March 2018. *Id.* at 2252.

In July 2018, Plaintiff applied for Supplemental Security Income and Disability Insurance Benefits, alleging disability as of January 2006. AR at 404-20. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 203-20. After conducting a hearing in February 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 86-127, 177-90. Plaintiff asked the Appeals Council for review, and the Appeals Council vacated the decision with instructions for the ALJ to further develop the record, address newly submitted evidence, and take any further action needed. *Id.* at 198-200.

Following a telephonic hearing in October 2021, the same ALJ again issued a decision finding Plaintiff not disabled. AR at 12-85. The Appeals Council then denied Plaintiff's request for review. *Id.* at 1-6. After Plaintiff appealed, this Court remanded with instructions that:

> on remand, the ALJ *must*: (1) reconsider Plaintiff's symptom testimony as relates to his cervical radiculopathy and/or muscle spasms; and (2) following reconsideration of Plaintiff's symptom testimony, reassess how the limitations posed by Plaintiff's cervical radiculopathy/and or muscle spasms impact Plaintiff's RFC, with particular focus on Plaintiff's functional capacity for handling and fingering.

*Id.* at 2361-62 (emphasis added).

On remand, a new ALJ conducted a hearing in July 2023, at which Plaintiff amended his alleged onset date to March 2018 (withdrawing his Disability Insurance Benefits application). AR at 2279-2306. The ALJ then issued a decision finding Plaintiff not disabled. *Id.* at 2246-68. Plaintiff submitted written exceptions with the Appeals Council and the Appeals Council found no exceptions, making the ALJ's decision the Commissioner's final decision. *Id.* at 2239-41.

1    Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part,

2    Plaintiff has the residual functional capacity ("RFC") to perform light work except he can

3    frequently but not constantly reach overhead and in all directions with the bilateral upper

4    extremities; frequently handle and/or finger with the bilateral hands; tolerate occasional exposure

5    to wetness, humidity, dusts, odors, fumes, gases, poor ventilation, and other pulmonary irritants;

6    and never work in extreme heat or cold with some additional exertional and non-exertional

7    limitations. AR at 2256.

8    This appeal followed. (Dkt. # 4.)

9    ### III.    LEGAL STANDARDS

10    Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social

11    security benefits if the ALJ's decision rests on legal error or is not supported by substantial

12    evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined

13    as "such relevant evidence as a reasonable mind might accept as adequate to support a

14    conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

15    standard, the Court must consider the record as a whole to determine whether it contains

16    sufficient evidence to support the ALJ's findings. *Id.*

17    Although the Court evaluates the record as a whole, it is not permitted to reweigh the

18    evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th

19    Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical

20    evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the

21    evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld.

22    *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the

23

---

[2] 20 C.F.R. § 416.920.

1    disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party

2    challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v.*

3    *Sanders*, 556 U.S. 396, 409 (2009).

### IV.    DISCUSSION

#### A.    The ALJ Erred in Evaluating Plaintiff's Testimony

6    Absent evidence of malingering, an ALJ is required to provide clear and convincing

7    reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155

8    (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze

9    testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

10    Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's

11    rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

12    Plaintiff argues the ALJ erred in her evaluation of Plaintiff's testimony as it relates to his

13    hand manipulation and breathing problems. (Dkt. # 10 at 6-18.) At his most recent hearing,

14    Plaintiff testified that his breathing problems cause him the most difficulty. AR at 2295. He

15    experiences numbness in his hands for forty minutes to an hour a "couple times a day." *Id.* at

16    2292. He cannot pick things up and struggles to grip things, including the TV remote and his

17    phone. *Id.*

18    On remand, this Court directed the ALJ to reconsider Plaintiff's testimony of difficulty

19    gripping, specifically citing Plaintiff's repeated complaints to providers. AR at 2356 (citing *id.* at

20    827-29, 1660-94, 1718, 1815). The ALJ nonetheless discounted this testimony because "the

21    notes after Dr. Driftmier's February 2020 evaluation reflect few, if any, complaints or abnormal

22    clinical findings indicative of significant neck pain, hand numbness, or other upper extremity

23    symptoms or limitations." *Id.* at 2259 (citing *id.* at 1824, 1828, 1850, 1987, 2071-75, 2124-28).

Although the ALJ considered some evidence of difficulty with handling, AR at 2258-59 (citing *id.* at 1869-1877, 1904, 1910, 2051, 2057, 2065-68, 2072), she notably failed to account for either the evidence this Court highlighted,[3] or any of the other numerous records where Plaintiff complained of difficulty with numbness and tingling in his hands.[4] An ALJ "cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt*, 53 F.4th at 495 (cleaned up). That Plaintiff occasionally did not complain of numbness during medical appointments does not contradict his testimony. By focusing on the absence of complaints in a limited number of records and ignoring significant evidence to the contrary, the ALJ failed to properly consider the record as a whole.

---

[3] AR at 827 ("Complaining of numbness in both fingertips and left toes His back goes numb when he sits for a long time"), 1660 ("he is getting increased tingling into bilateral fingers as well as some discomfort at tailbone."), 1718 ("reduced pinprick in all fingertips"), 1815 ("reduced pinprick in all fingertips").

[4] The record contains numerous other references to Plaintiff's numbness and tingling in hands and arms aside from the instances already identified by this court. *See, e.g.,* AR at 761 ("tingling in his hands especially while sitting"), 828 ("paresthesias both hands and left foot" in March 2019), 888 ("Paresthesia hands and sometimes right upper leg." in February 2019), 925 ("Paresthesia hands and sometimes right upper leg" in January 2019), 944 ("Paresthesia hands and sometimes right upper leg." in December 2018), 966 ("Paresthesia hands and sometimes right upper leg." November 2018), 981 ("Paresthesia hands and sometimes right upper leg" in October 2018), 992 ("Paresthesia hands and sometimes right upper leg" in September 2018), 1004 ("Paresthesia hands and sometimes right upper leg" in August 2018), 1021 ("Numbing/Tingling: Yes, constant" in November 2019), 1634 ("Paresthesia hands and sometimes right upper leg" in May 2019), 1680 ("Pec stretching and palpation along the coracoid process and clavicle increases tingling and numbness in the R fingers" in August 2019),1692 ("The numbness and tingling down the R arm also remains unchanged" in October 2019), 1716 ("Notes he is also having arm and finger numbness and tingling" in April 2019), 1732 ("Neck pain with radicular upper back pain and tingling in all fingers" in January 2020), 1818 ("numbness an[d] tingling hand and arms" in January 2020), 1957 ("Paresthesia hands and sometimes right upper leg" in April 2020), 1961 ("States the tingling in his hands has worsened since getting MRI results" in September 2019), 1962 ("Paresthesia hands and sometimes right upper leg" in February 2020), 2703 ("Occasional right upper extremity weakness is noted secondary to pain. Occasional tingling is also noticed in the right shoulder" in May 2022), 2781 ("If he does reach or lift or carry he can get numbness/tingling in the right hand" in November 2022), 2783 ("In the past 3 months have you had or do you experience . . . Numbness or tingling: Yes" November 2022), 2785 (circling 3 and 4 on a five point scale describing difficulty with Tingling (pins and needles) in your arm, shoulder or hand)), 2873 ("He is unable to do overhead work with the left upper extremity").

1    The ALJ further discounted Plaintiff's testimony as inconsistent with his activities. AR at

2    2262-63. Despite this Court's previous order finding that these reasons were not clear and

3    convincing reasons to discount Plaintiff's testimony, the ALJ repeated the prior ALJ's reasoning

4    verbatim with only minor formatting changes. *Compare id.* at 29-30 *with id.* at 2262-63. As this

5    Court previously explained, there was no inconsistency between this evidence and Plaintiff's

6    testimony. *Id.* at 2357-58. As the ALJ did not provide any new reasoning or analysis, the Court

7    once again finds that there was no contradiction in Plaintiff's testimony and that this is not a

8    clear and convincing reason to discount Plaintiff's testimony.

9    Plaintiff also argues the ALJ erred in her evaluation of his breathing and coughing

10   problems. (Dkt. # 10 at 14-18.) The ALJ discounted Plaintiff's testimony as inconsistent with the

11   medical record, which showed no treatment for respiratory symptoms until May 2020 and

12   improvement with treatment. AR at 2260. But the record clearly contradicts this finding.

13   Although Plaintiff began using Singulair in May 2020, *id.* at 1977, he was receiving treatment

14   well before that. For example, in August 2018 doctors prescribed him an albuterol inhaler for

15   at-home treatment, and in September 2018 he went to the emergency room due to a "severe"

16   worsening shortness of breath. *Id.* at 740, 784-85. As for improvement, although the record

17   indicates that "[Plaintiff] has improved with Symbicort about 30 to 50%," exams continued to

18   show "[l]ungs relatively wheezing no rhonchi rales," and that "[Plaintiff's] asthma is not fully

19   controlled." *Id.* at 1987; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014)

20   ("observations [of improvement] must be 'read in context of the overall diagnostic picture' the

21   provider draws" (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)). None of

22   this evidence contradicts Plaintiff's testimony that he has significant struggles with his breathing.

23   Consequently, the ALJ erred in discounting Plaintiff's testimony.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ must reevaluate Plaintiff's testimony of his difficulty with his hands and breathing and proceed through the remaining steps of the evaluation as appropriate.

Dated this 30th day of September, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge